# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __CALIFORNIA__

FILED

06 NOV -3 AM 10: 43

In the Matter of the Search of

1.    117 H Street
       Brawley, CA 92227

## SEARCH WARRANT

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

CASE NUMBER: '06 MJ 2023

TO: __Any authorized law enforcement officer__ and any Authorized Officer of the United States

Affidavit having been made before me by Senior Patrol Agent Luis A. Samaniego of the U.S. Border Patrol who has reason to believe that on the premises known as

    See Attachment "A"

in the Southern District of California there is now concealed a certain person or property namely

    See Attachment "B"

I am satisfied that the affidavit and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant based on alleged violations of 8 U.S.C. §§ 1324 (a)(2)(B)(ii); 1324 (a)(1)(A)(iii) and (v)(I); 1324 (a)(2)(B)(ii); 1324 (a)(1)(A)(ii) and (v)(II); and 1324 (a)(1)(A)(iii) and (v)(II).

YOU ARE HEREBY COMMANDED to search on or before   __10/30/06__
                                                                     Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime -- 6:00 a.m. to 10:00 p.m.) ~~(at any time in the day or night as I find reasonable cause has been established)~~ and if the person or property be found there to seize the same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to __LOUISA S. PORTER / U.S. MAGISTRATE JUDGE__ as required by law.
                   United States Magistrate Judge

*ORDERED SEALED*

__10/20/06  5:15 pm__ at     San Diego, Cal
Date and Time Issued                          City and State

**LOUISA S. PORTER**
**U.S. MAGISTRATE JUDGE**
Name and Title of Judicial Officer           Signature of Judicial Officer

## RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 10/20/2006 | 10/23/2006    1150 AM | Georgina R. Perfino |

**INVENTORY MADE IN THE PRESENCE OF**
SPA Luis A. Samaniego DHS CBP USBP

**INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT**

Master Bedroom # 1-
Miscellaneous papers with account numbers, check stubs, check book taken from dresser.

Bedroom # 2 -
Miscellaneous papers: Income Taxes Returns for 2005, 2004, 2003, 2002 and 1996, Business License, Bank Statements, Social Services Application, Cash Receipt from Imperial Valley Press.

Living Room -
Miscellaneous papers with phone numbers, tax ID number found on television stand.

Garage –
Binder with miscellaneous papers, 3 cell phones.

Shed –
Miscellaneous papers with phone nmumbers

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant

_[signature]_

Subscribed, sworn to, and returned before me this date.

_[signature]_    11/6/06
U.S. Judge or Magistrate    Date

## ATTACHMENT A

**The premise at 117 H Street, Brawley, California, is further described as follows:**

117 H Street is a one story, single-family residential unit. The house is white in color with gray trim. The front of the property faces south. The front of the property has a concrete driveway. The numbers "117" are clearly affixed to the front of the house. There is no fence around the perimeter of the property. To the north side of the residence is an alley. There is a house on the west and eastside of the target residence. *All computers contained within or on the above described residence are also to be searched.*



## ATTACHMENT B

1. Evidence of fraudulent documentation; passports and U.S. Government documentation evidencing alienage; correspondence, domestic and foreign, evidencing alien-smuggling arrangements; airline/airfare tickets; names of arrangers of alien smuggling; lists containing names of smuggled aliens along with their destination and fees paid or to be paid; registrations and vehicles and titles of vehicles used in the smuggling and transporting of illegal aliens; financial records and bank statements recording the receipt of money from smuggling, cellular telephones and chargers, telephone tolls of calls, documents and receipts evidencing temporary lodging of illegal aliens; documents showing possession, dominion, and/or control of said premises, including canceled mail, keys, rent receipts, utility bills, deeds, leases and photographs; property of smuggled aliens in the form of wallets, purses, suitcases, tote bags, and clothing; checks, money-orders, and money order receipts as well as U.S. and foreign currency.

2. Documents and articles of personal property evidencing the possession, distribution, sale and manufacture of counterfeit U.S. documents, including: ledgers, customer lists, records of counterfeit or genuine document sales, telephone/address books or notebooks containing the names of individuals who have purchased or wish to purchase counterfeit or genuine immigrant documents.

3. Cash or checks or other monetary instruments obtained from the sale of counterfeit or genuine immigration documents, only to the extent that there are actual receipts or proof that the funds are from these illegal activities. Bank accounting, or other financial records which are records of earning or payments relating to the sale of the counterfeit or genuine immigration documents.

4. Counterfeit, genuine or altered immigration or social security documents including counterfeit, genuine or altered Alien Registration Receipts cards including, but not limited to Forms I-551, I-151, I-586, I-186, I-688, I-688A, I-688B and I-94; counterfeit, genuine or altered social security cards; as well as documents and identifications from individual States of the U.S. or other Countries.

All of the property in #1-4 is evidence of offenses in violation of Title 8, United States Code, Section (s) 1324 (a)(2)(B)(ii); 1324 (a)(1)(A)(iii) and (v)(I); 1324 (a)(2)(B)(ii); 1324 (a)(1)(A)(ii) and (v)(II); and 1324 (a)(1)(A)(iii) and (v)(II).

In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

a) Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

b) If the computer personnel determine it is not practical to perform an on-site search or make an on-site copy of the data, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

c) Any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offense, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offense specified above.

d) In searching the data, the computer personnel will examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel will search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

e) If the computer personnel determine that the computer equipment and storage devices are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(b), the government will return these items within a reasonable period of time not to exceed 30 days from the date of seizure.

29. In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

a) Any computer equipment and storage device capable of being used to commit, further or store evidence of the offense listed above;

b) Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners;

c) Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

d) Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software.

e) Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

f) Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data